FILED

DEC 3 0 2014

Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
BRUD ROSSMAN,                          )
                                       )
              Plaintiff,               )
                                       )        Case: 1:14-cv-02205
                                       )        Assigned To : Unassigned
v.                                     )        Assign. Date : 12/30/2014
                                       )        Description: Pro Se Gen. Civil
UNITED STATES OF AMERICA, *et al.*,    )
                                       )
              Defendants.              )
_____ )

## MEMORANDUM OPINION

It appears that plaintiff has been charged with a misdemeanor offense, and the matter is pending in the Superior Court of the District of Columbia. He now seeks to remove the criminal matter to this federal district court.

"[A] federal court may dismiss an action when there is a direct conflict between the exercise of federal and state jurisdiction and considerations of comity and federalism dictate that the federal court should defer to the state proceedings." *Hoai v. Sun Refining and Marketing Co., Inc.*, 866 F.2d 1515, 1517 (D.C. Cir. 1989) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)). This is such an action. *See Miranda v. Gonzales*, 173 F. App'x 840 (D.C. Cir.) (per curiam) ("It is well-settled . . . that a court will not act to restrain a criminal prosecution if the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief.") (citation omitted), *cert. denied*, 549 U.S. 889 (2006); *see Smith v. Holder*, No. 14-131, 2014 WL 414292, at *1 (D.D.C. Jan. 30, 2014), *aff'd*, 561 F. App'x 12 (D.C. Cir. June 16, 2014) (per curiam) (noting appellant's failure to "show[] that the district court erred in

1

dismissing his challenge to pending District of Columbia criminal proceedings under the abstention doctrine of *Younger v. Harris*"). Plaintiff may raise any constitutional claim he believes he has in the Superior Court; if he is dissatisfied, he may pursue an appeal to the District of Columbia Court of Appeals, and from there an appeal to the Supreme Court of the United States. *See JMM Corp. v. District of Columbia*, 378 F.3d 1117, 1121 (D.C. Cir. 2004) (footnotes omitted).

Given "the fundamental policy against federal interference with state criminal prosecutions" *Younger,* 401 U.S. at 46, the Court will dismiss this action. An Order accompanies this Memorandum Opinion.

DATE: 12/19/14

United States District Judge

2